LOUIS V. JACKVONY, *Atty. Gen. ex rel. vs.* CHESTER
REYNOLDS *et al.*

FEBRUARY 4, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.    This is a petition for a writ of *certiorari*
brought in the name of the attorney general on relation of

Hugh McGuill, who was a candidate for election to the school committee of the town of Burrillville, and is directed to the respondents, who comprise the town council of that town. It seeks to have us quash as illegal the record of the respondent council, purporting to elect Oliver S. Wilbur "a member of the School Committee of the Town of Burrillville to hold office until the annual election to be held on November 3, 1942." Pursuant to the writ, the respondents have made a return of all the pertinent records as directed.

The controversy revolves around the general election, held November 5, 1940, at which the qualified electors of that town were entitled to select two persons to fill the places on the school committee of two members whose terms were about to expire. These two incumbents were not candidates for reelection. The election to the school committee of that town is governed by a special statute, public laws 1930, chapter 1636, which specifically provides, among other things, for elections to the school committee by the qualified electors of that town. Apparently following previous custom, the names of several candidates appeared on the ballot in the voting machines under political party designations.

As candidates for school committee, the names of Oliver S. Wilbur and Arthur E. Jeffrey appeared on the ballot, each on a separate line, and both under the designation of the Republican party. On the same line with and opposite to the name of candidate Wilbur, but under the Democratic designation, appeared the name of candidate Edward A. Lynaugh; and on the same line with and opposite to candidate Jeffrey's name, but under the Democratic designation, appeared the name of candidate Hugh McGuill, the relator here.

It is conceded by all the parties here that, under the law governing elections to the school committee in this town, candidates do not run from designated districts or for numbered or otherwise specified places upon the committee; but

that they must run "at large" for the available places. In other words, there were four candidates for the two places upon the school committee and, under the law, the two persons who received respectively the highest and next highest number of total votes cast at the election were entitled to certificates of election for a term of six years, to fill the two places of the incumbents whose terms were about to expire.

At a meeting held November 7, 1940, the tabulation of total votes cast on election day for these candidates, according to the records of the town council before us, showed that:

"1839 Persons voted for Arthur E. Jeffrey,
School Committeeman 6 yrs. Republican.
1839 Persons voted for Hugh McGuill,
School Committeeman 6 yrs. Democrat.
VOTED: A TIE existing.
1889 Persons voted for Edward A. Lynaugh,
School Committeeman 6 yrs. Democrat.
1841 Persons voted for Oliver S. Wilbur,
School Committeeman 6 yrs. Republican.
VOTED: That Edward A. Lynaugh be declared
elected School Committeeman by 34 Plurality."

Some differences of opinion then arose over the authority and duty of the town council in the premises, and the meeting was recessed for further study. After several recessed meetings, the respondent council claimed that a vacancy existed and also claimed authority in itself to fill that vacancy. It was finally voted, at a special recessed meeting held on November 27, 1940, "that Mr. Oliver S. Wilbur be elected a member of the School Committee of the Town of Burrillville to hold office until the annual election to be held on November 3, 1942."

The relator concedes the election of candidate Lynaugh in any event. But he contends that the "tie" election, as voted and recorded by the town council with reference to the other place on the committee, constituted "no election"

in fact and law; and therefore that no vacancy existed because the incumbent in that place was holding over under general laws 1938, chapter 332, § 15, until a successor was elected and qualified.

He further contends that such successor could not be elected by the town council but must be elected by the qualified electors by virtue of the specific provisions in chap. 1636, which was passed subsequently to other general legislation and which limited the authority of the town council by expressly reserving elections of school committeemen to the qualified electors at a regularly called election. This being so, he argues that the town council had no power, especially in view of sec. 2 of that chapter, to elect any member under the circumstances and therefore that the purported election of candidate Wilbur was illegal and void and that a new election should be called and held for the second place on the school committee.

The respondents insist, however, that the town council had the authority under G. L. 1938, chap. 332, § 9 and chap. 179, § 4, to fill all vacancies in town offices; that a vacancy did occur by virtue of a tie election as voted by the town council, and that their action in electing candidate Wilbur until the next general election was lawful and proper.

We have examined the record and the arguments of the parties and it seems to us that many, if not all, of their contentions relate to questions that are not really before us. The relator's case, in our opinion, is based entirely on the assumed correctness and legality of the record of the town council on November 7, 1940 when it voted in substance and effect that there was a tie election.

It is not denied that these four candidates were *not* running by districts or for particular and designated places on the school committee. On the contrary, they were running "at large". Consequently, any two of the candidates receiv-

ing respectively the highest and next highest number of the total votes cast for these offices were entitled to be declared elected thereto and to receive their certificates. Candidate Lynaugh received 1889 votes. He was entitled to election, but not because he was elected over Wilbur as the town council voted. On the contrary, he was elected because he had received a higher number of votes than any other candidate for membership on the school committee. The town council evidently treated the matter as if candidates Lynaugh and Wilbur were running exclusively for the same office; and that Wilbur, having received 1841 votes, was therefore defeated and no longer could be considered.

But the law required all candidates to run at large for the two places whose terms were about to expire and it was the respondents' duty to declare elected the two candidates who had received the highest and next highest number of votes. Wilbur received 1841 votes, or two votes more than any other candidate excepting Lynaugh. The tie between candidates Jeffrey and the relator was wholly immaterial because the qualified electors had cast sufficient votes for candidates Lynaugh and Wilbur to entitle them to election over all the other candidates.

Since *certiorari* lies to review errors of law apparent in the record, where no other remedy is provided, and since the truth of this record, as to the result of the votes actually cast for these candidates, has not been challenged, the action of the town council in declaring the existence of a tie election was without any legal evidence to support it and therefore was illegal. The town council upon this record should have declared that candidate Wilbur—as candidate Lynaugh—had been elected for a term of six years at the election of November 5 by the qualified electors and not by virtue of the exercise by the respondents of any alleged power to fill a supposed vacancy or for any other reason asserted by them in the records of the town council.

The relator apparently argues further that the voting machines were set up so as to prevent a voter from casting his ballot for any two of these candidates who appeared opposite each other upon the same line, because of a locking device which permitted voting for only one of such candidates; and that therefore such setup of the voting machines, being contrary to law, invalidated the election as to the second place on said committee. However, we need not speculate upon this or any other consequences or arguments relating thereto because the record before the town council, which has been certified to us, is entirely barren of any evidence whatever that the voting machines were in fact set up as relator now argues. Moreover, there is no evidence in this record that any complaint based upon such alleged unlawful setup of the machines was ever made to the town council. In the absence of any such evidence in the record, we ought to presume in favor of the lawful setting up of such machines for the election.

The records of the town council of the town of Burrillville heretofore referred to in this opinion are before this court. Said records should be corrected to contain a declaration of result showing the election of Edward A. Lynaugh and Oliver S. Wilbur at the general election, held November 5, 1940, to membership on the school committee of that town for the term of six years.

All of the records of said town council inconsistent with this opinion are hereby quashed.

*Robert T. Flynn, Roger L. McCarthy,* for petitioner.

*Gurney Edwards, Ronald B. Smith, Edwards & Angell,* for respondents.